David Schlesinger, AZ Bar No. #025224
NICHOLS KASTER, PLLP
4600 IDS Center
80 South Eighth Street
Minneapolis, MN  55402
Telephone (612) 256-3200
Facsimile (612) 215-6870
schlesinger@nka.com

Matthew C. Helland, CA Bar No. 250451
(*pro hac vice* application forthcoming)
NICHOLS KASTER, LLP
One Embarcadero Center, Suite 720
San Francisco, CA 94111
Telephone (415) 277-7235
Facsimile (415) 277-7238
helland@nka.com

## IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF ARIZONA

| | |
|---|---|
| James Barker, Hussein Jaber Bazzi, Patricia Brown, Celia Butler, Michael Chavez, Samanta Cooley, John Curtis, Luisa Han, Linda Heninger, Pamela Herrington, John Irwin, Ruby Mason, Joanne McKinnon, David Nielson, Warren Potter, Andrea Schmidt, and John Whittle, | Civil Case No. _____ |
| Plaintiffs, | |
| vs. | **COMPLAINT FOR DAMAGES** |
| Prospect Mortgage, LLC, | |
| Defendant. | |

## <u>PRELIMINARY STATEMENT</u>

1.      This is an action brought by Plaintiffs James Barker, Hussein Jaber Bazzi,

Patricia Brown, Celia Butler, Michael Chavez, Samanta Cooley, John Curtis, Luisa Han,

Linda Heninger, Pamela Herrington, John Irwin, Ruby Mason, Joanne McKinnon, David

Nielson, Warren Potter, Andrea Schmidt, and John Whittle (collectively, "Plaintiffs"). Plaintiffs were employed by Defendant Prospect Mortgage, LLC ("Defendant"), as "Loan Officers," and were denied overtime compensation as required by federal wage and hour laws.

## PARTIES AND PROCEDURAL BACKGROUND

2.     Plaintiff James Barker ("Plaintiff Barker") is an adult resident of Scottsdale, Arizona.  Plaintiff Barker worked as a loan officer for Defendant in an office in the Scottsdale area from approximately June 2008 through June 2010.

3.     Plaintiff Hussein Jaber Bazzi ("Plaintiff Bazzi") is an adult resident of Scottsdale, Arizona.  Plaintiff Bazzi worked as a loan officer for Defendant in an office in the Scottsdale area from approximately April 27, 2009 through June 30, 2010.

4.     Plaintiff Patricia Brown ("Plaintiff Brown") is an adult resident of Prescott Valley, Arizona.  Plaintiff Brown worked as a loan officer for Defendant in an office in the Prescott Valley area from approximately December 15, 2008 until March 31, 2011.

5.     Plaintiff Celia Butler ("Plaintiff Butler") is an adult resident of Gilbert, Arizona.  Plaintiff Butler worked as a loan officer for Defendant in an office in the Chandler, Arizona area from approximately August 13, 2007 through November 23, 2009.

6.     Plaintiff Michael Chavez ("Plaintiff Chavez") is an adult resident of Gilbert, Arizona.  Plaintiff Chavez worked as a loan officer for Defendant in an office in the Phoenix, Arizona area from approximately December 30, 2010 through August 5, 2011.

7.     Plaintiff Samanta Cooley ("Plaintiff Cooley") is an adult resident of Dana Point, California.  Plaintiff Cooley worked as a loan officer for Defendant in an office in the Chandler, Arizona area from approximately March 10, 2008 through June 23, 2011.

8.     Plaintiff John Curtis ("Plaintiff Curtis") is an adult resident of Phoenix, Arizona.  Plaintiff Curtis worked as a loan officer for Defendant in an office in the Scottsdale, Arizona area from approximately July 2, 2001 through January 31, 2011.

9.      Plaintiff Luisa Han ("Plaintiff Han") is an adult resident of Scottsdale, Arizona.  Plaintiff Barker worked as a loan officer for Defendant in an office in the Phoenix, Arizona area from approximately July 27, 2010 through January 6, 2011.

10.      Plaintiff Linda Heninger ("Plaintiff Heninger") is an adult resident of Phoenix, Arizona.  Plaintiff Heninger worked as a loan officer for Defendant in an office in the Phoenix area from approximately September 14, 2009 through February 21, 2011.

11.      Plaintiff Pamela Herrington ("Plaintiff Herrington") is an adult resident of Scottsdale, Arizona.  Plaintiff Herrington worked as a loan officer for Defendant in an office in the Scottsdale area from approximately May 4, 2010 through August 30, 2010.

12.      Plaintiff John Irwin ("Plaintiff Irwin") is an adult resident of Phoenix, Arizona.  Plaintiff Irwin worked as a loan officer for Defendant in an office in the Scottsdale, Arizona area from approximately May 29, 2009 through December 2011.

13.      Plaintiff Ruby Mason ("Plaintiff Mason") is an adult resident of Batemans Bay, New South Wales, Australia. Plaintiff Mason worked as a loan officer for Defendant in an office in the Chandler, Arizona area from approximately August 8, 2008 through September 29, 2011.

14.      Plaintiff Joanne McKinnon ("Plaintiff McKinnon") is an adult resident of Phoenix, Arizona.  Plaintiff McKinnon worked as a loan officer for Defendant in an office in the Scottsdale, Arizona area from approximately April 1, 2009 through October 8, 2010.

15.      Plaintiff David Nielson ("Plaintiff Nelson") is an adult resident of Mesa, Arizona.  Plaintiff Barker worked as a loan officer for Defendant in an office in the Chandler, Arizona area from approximately October 27, 2008 through February 18, 2010.

16.      Plaintiff Warren Potter ("Plaintiff Potter") is an adult resident of Scottsdale, Arizona.  Plaintiff Potter worked as a loan officer for Defendant in an office in the Scottsdale area from approximately 2007 through October 2010.

17.     Plaintiff Andrea Schmidt ("Plaintiff Schmidt") is an adult resident of Phoenix, Arizona.  Plaintiff Schmidt worked as a loan officer for Defendant in an office in the Phoenix area from approximately June 8, 2010 through August 29, 2011.

18.     Plaintiff John Whittle ("Plaintiff Whittle") is an adult resident of Gilbert, Arizona.  Plaintiff Whittle worked as a loan officer for Defendant in an office in the Mesa, Arizona area from approximately April 13, 2010 through May 15, 2011.

19.     Upon information and belief, Defendant is a California corporation doing business in and maintaining offices in several states throughout the United States, including Arizona.  According to the its website, Defendant is one of the largest independent residential retail lenders in the United States, and offers mortgage products such as FHA, VA, conventional, jumbo, and super jumbo loans.  Defendant formerly did business under the name Metrocities Mortgage.

20.     On October 18, 2010, Elizabeth Sliger, Carol Dion and Scott Avila, on behalf of themselves and all others similarly situated, filed a lawsuit against Defendant in the United States District Court for the Eastern District of California to recover overtime pay, minimum wages, and other relief.  (Hereafter referred to as "Sliger" or "the Sliger matter.")  On August 24, 2011, Judge Lawrence K. Karlton granted, in part, the Sliger plaintiffs' motion for FLSA conditional certification and authorized the Sliger plaintiffs to mail a notice of the lawsuit to all loan officers employed by Defendant between October 18, 2007 and August 24, 2011 who were paid on a commission-only basis.  (See Sliger v. Prospect Mortgage, LLC, No. CIV. S-11-465 LKK/EFB, 2011 WL 3747947 (E.D. Cal. Aug. 24, 2011).)

21.     Plaintiff Barker opted-in to the Sliger matter on November 29, 2010.  (See Ex. A.)

22.     Plaintiff Bazzi opted-in to the Sliger matter on November 30, 2011.  (See Ex. A.)

23.     Plaintiff Brown opted-in to the Sliger matter on November 21, 2011.  (See Ex. A.)

24.     Plaintiff Butler opted-in to the <u>Sliger</u> matter on November 16, 2011.  (<u>See</u> Ex. A.)

25.     Plaintiff Chavez opted-in to the <u>Sliger</u> matter on November 16, 2011.  (<u>See</u> Ex. A.)

26.     Plaintiff Cooley opted-in to the <u>Sliger</u> matter on December 2, 2011.  (<u>See</u> Ex. A.)

27.     Plaintiff Curtis opted-in to the <u>Sliger</u> matter on November 18, 2011.  (<u>See</u> Ex. A.)

28.     Plaintiff Han opted-in to the <u>Sliger</u> matter on November 15, 2011.  (<u>See</u> Ex. A.)

29.     Plaintiff Heninger opted-in to the <u>Sliger</u> matter on December 2, 2011.  (<u>See</u> Ex. A.)

30.     Plaintiff Herrington opted-in to the <u>Sliger</u> matter on November 28, 2011.  (<u>See</u> Ex. A.)

31.     Plaintiff Irwin opted-in to the <u>Sliger</u> matter on January 6, 2012.  (<u>See</u> Ex. A.)

32.     Plaintiff Mason opted-in to the <u>Sliger</u> matter on January 9, 2012.  (<u>See</u> Ex. A.)

33.     Plaintiff McKinnon opted-in to the <u>Sliger</u> matter on November 22, 2011.  (<u>See</u> Ex. A.)

34.     Plaintiff Nielson opted-in to the <u>Sliger</u> matter on January 30, 2012.  (<u>See</u> Ex. A.)

35.     Plaintiff Potter opted-in to the <u>Sliger</u> matter on November 29, 2010.  (<u>See</u> Ex. A.)

36.     Plaintiff Schmidt opted-in to the <u>Sliger</u> matter on November 16, 2011.  (<u>See</u> Ex. A.)

37.     Plaintiff Whittle opted-in to the <u>Sliger</u> matter on November 12, 2011.  (<u>See</u> Ex. A.)

38.     By stipulation of the parties, the Court decertified the <u>Sliger</u> matter on January 23, 2013.  (Ex. B.)  The stipulation permits "individual opt-in plaintiffs, who so choose, [to] pursue their individual claims in other forums."  (<u>Id.</u>)  In addition, the stipulation states that, the claims of all opt-in plaintiffs, including the claims of Plaintiffs, are tolled from the time they opted-in to the <u>Sliger</u> matter until April 23, 2013.  (<u>Id.</u>)

39.     Plaintiffs bring this action pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* ("FLSA") and California Unfair Competition Law ("UCL"). Plaintiffs worked for Defendant as loan officers during the relevant statutory periods. During the relevant statutory periods, Plaintiffs regularly worked over forty hours per week without overtime compensation.  Plaintiffs seek relief for Defendant's failure to pay overtime compensation under federal law.

## JURISDICTION AND VENUE

40.     This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 as this case is being brought under a federal statute, the FLSA, 29 U.S.C. §§ 201 *et seq.*

41.     Venue is proper in the United States District Court of Arizona pursuant to 28 U.S.C. § 1391 because Defendant operates in this district, and because a substantial part of the events or omissions giving rise to the claims occurred in this district.

## FACTUAL ALLEGATIONS

1.     Defendant employed Plaintiffs as loan officers.

2.     Defendant classified Plaintiffs as "exempt" from the overtime pay requirements of the FLSA.

3.     Plaintiffs are informed, believe, and thereon allege that Defendant's gross annual sales made or business done is $500,000.00 or greater.  Defendant operates in interstate commerce by, among other things, selling mortgage loan products in multiple states.

4.     Defendant paid Plaintiffs on a commission-only basis.

5.     Plaintiffs routinely worked in excess of forty hours per week for Defendant.

6.      Defendant suffered and permitted Plaintiffs to work more than forty hours per week without overtime compensation.

7.      Defendant is in the business of selling mortgages.  Plaintiffs' work is and was directly related to mortgage sales.

8.      Defendant did not keep accurate records of the Plaintiffs' hours worked. Defendant never instructed Plaintiffs to keep records of their hours worked.

9.      Defendant's unlawful conduct has been widespread, repeated and consistent.

10.     Defendant is aware of wage and hour laws, as evidenced by the fact that it provides overtime compensation to other employees who are not loan officers.  Moreover, it is common industry knowledge that courts and the United States Department of Labor have found loan officers to be non-exempt.

11.     Defendant's conduct, as set forth in this Complaint, was willful and in bad faith, and caused significant damages to Plaintiffs.

## COUNT I

## FAIR LABOR STANDARDS ACT – OVERTIME PAY

12.     Plaintiffs allege and incorporate the above paragraphs by reference as if fully set forth herein.

13.     At all times relevant herein, Defendant has been, and continues to be, an "employer," and Plaintiffs have been, or continue to be, "employees" within the meaning of 29 U.S.C. §§ 203(d) and (e).

14.     The FLSA requires covered employers, such as Defendant, to compensate all non-exempt employees at a rate not less than one and one-half times their regular rate of pay for work performed in excess of forty hours per week.  29 U.S.C. § 207.  As such, Plaintiffs are entitled to overtime compensation at one and one-half times their regular rate of pay for work performed in excess of forty hours per week.

15.     By failing to compensate Plaintiffs with overtime compensation for their overtime hours worked, Defendant has violated, and continues to violate the FLSA.

16.     The foregoing conduct, as alleged, constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a).

17.     Plaintiffs seek damages in the amount of Plaintiffs' unpaid overtime wages, an equal amount as liquidated damages, interest, all costs and attorneys' fees incurred in prosecuting this claim, all other relief available under the FLSA, and all other such legal and equitable relief as the Court deems just and proper.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray for relief as follows:

A.  Judgment that Plaintiffs are non-exempt employees entitled to protection under the FLSA;

B.  Judgment against Defendant for violations of the overtime provisions of the FLSA;

C.  Judgment that Defendant's violations as described above were willful;

D.  An award in an amount equal to Plaintiffs' unpaid overtime wages at the applicable rates, liquidated damages, and interest thereon, subject to proof in Court;

E.  An award of prejudgment interest to the extent liquidated damages are not awarded;

F.  An award of reasonable attorneys' fees and costs pursuant to 29 U.S.C. § 216;

G.  Leave to amend to bring additional claims, including but not limited to claims for unpaid minimum wages under the FLSA; and

H.  For such other and further relief, in law or equity, as the Court may deem appropriate and just.

Dated: April 23, 2013                          NICHOLS KASTER, PLLP

                                               By:    s/David E. Schlesinger
                                                      David E. Schlesinger

                                               Attorneys for Plaintiffs

-8-